# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAYNE L. MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 17-268 Erie |
| | ) | |
| v. | ) | District Judge Susan Paradise Baxter |
| | ) | |
| CITY OF BRADFORD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

This civil action was filed by Plaintiff Shayne L. Miller ("Plaintiff") against the City of Bradford (at times, the "City"), its chief of police, Christopher Lucco ("Lucco"), and its mayor, Thomas Riel ("Riel"), after Plaintiff was terminated from his position as a Bradford city police officer for alleged shoplifting. The incident giving rise to the shoplifting charge involved Plaintiff's alleged failure, on two occasions, to scan a single meat item at a self-checkout station in a local Walmart. ECF No. 8, ¶¶17-44. Plaintiff has consistently maintained that his failure to pay for the items was unintentional and resulted from his inadvertent failure to scan them correctly. *Id*. ¶¶29, 38.

On May 26, 2017, following a *Loudermill*[1] hearing, Plaintiff was terminated by the City. In September 2017, Plaintiff was tried on summary theft charges related to the alleged shoplifting and was acquitted by the Magisterial District Judge. Plaintiff commenced this civil action shortly thereafter.

In his amended complaint, which is the operative pleading, Plaintiff asserts four claims against the Defendants. Counts I and II assert violations of Plaintiff's federal procedural due

---

[1] *See Cleveland Board of Educ. v. Loudermill*, 470 U.S. 532 (1985) (establishing the right to a pre-termination hearing for public employees who hold a constitutionally protected property interest in their continued employment).

1

process rights in connection with the loss of his employment and reputational damage. Count III asserts state law theories of false light and invasion of privacy. Count IV asserts a claim against Lucco and Riehl for alleged conspiracy.

Presently pending before the Court is Plaintiff's motion to file a Second Amended Complaint, which would add an additional count alleging a violation of the Pennsylvania Constitution's Due Process Clause. ECF Nos. 31 and 31-1. Plaintiff's theory is that the Defendants violated his state due process rights by allowing Lucco to act both as the investigator and the adjudicator relative to his adverse employment decision.[2] *See Lyness v. Commonwealth*, 605 A.2d 1204, 1204, 1207 (Pa. 1992) (holding that a physician's due process rights were violated when state board of medicine both determined that a professional licensing prosecution should be initiated and then acted as the ultimate fact-finder in determining that a violation had occurred); *Dussia v. Barger,* 351 A.2d 667, 674-75 (Pa. 1975) (superseded by statute) (holding that an Administrative Code provision, as implemented by a state police field regulation, created an impermissible commingling of functions on the part of the state police commissioner in violation of due process principles where, under the regulatory scheme, the commissioner was responsible both for determining whether to convene a court-martial board and also for determining the accused employee's guilt or innocence along with any appropriate sanctions).

The amendment of pleadings is governed by Federal Rule of Civil Procedure 15, which generally conditions amendment on the court's leave or the opposing party's written consent.

---

[2] Plaintiff has also filed a second motion to amend his pleading in which he seeks to reference a recent arbitration ruling concerning his termination. ECF No. 40. According to Plaintiff, he has obtained reinstatement to his previous position, and this affects both the merits of his claims and the scope of relief he is seeking in this litigation. *Id.* Although Defendants take issue with Plaintiff's characterization of the arbitration in terms of its alleged conclusions and the impact it will have on this action, they do not oppose the Plaintiff's proposed amendments. *See* ECF No. 42. Accordingly, the Court will grant Plaintiff's second motion to amend his pleading relative to the arbitration proceedings.

*Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017); *see* Fed. R. Civ. P. 15(a)(2). Under Rule 15, courts are directed to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). This liberal standard helps to effectuate the "general policy embodied in the Federal Rules favoring resolution of cases on their merits." *Mullin*, 875 F.3d at 149 (citation omitted). Denial of leave to amend can be based on factors such as undue delay, bad faith or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments previously allowed; prejudice to the opposing party; and futility. *Mullin*, 875 F.3d at 149 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

In this case, Defendants oppose Plaintiff's proposed amendment on the ground that, as a matter of law, no due process violation occurred and, therefore, the proposed amendment would be futile.[3] Defendants contend that Plaintiff's theory of liability is flawed because it "fails to distinguish initial employment decisions, which are routinely investigated and made by . . . municipal department heads, from the actual 'adjudication' of the correctness of such decisions by a separate body." ECF No. 37 at 2-3. According to Defendants, Plaintiff had the right to appeal the adverse employment decision to the civil service board. *See* 11 Pa. C.S.A. §14408(a)(2). Citing *Katruska v. Bethlehem Ctr. Sch. Dist.*, 767 A.2d 1051 (Pa. 2001), Defendants posit that where, as here, the aggrieved public employee has a statutory or contractual right to *de novo* review of a department head's decision by a city council or a civil service review board, there is no violation of the employee's due process rights.

---

[3] Courts analyze futility under the "same standard of legal sufficiency as applies under Rule 12(b)(6)." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Thus, where the movant's claims "would not survive a rule 12(b)(6) motion even if pled with more particularity," dismissal is proper. *Id.* at 1435.

3

*Katruska* dealt with a school district's decision, upon recommendation of the superintendent, to demote a high school principal to a teaching position. As permitted by statutory law, the plaintiff employee appealed his demotion to the Secretary of Education, who affirmed the school board's decision. Plaintiff then took a further appeal to the Commonwealth Court, arguing that a particular school board member should not have participated in the demotion hearing because of the fact that his wife was an employee at the high school and had testified as a witness during the hearing. The Commonwealth Court agreed that the board member's participation created an appearance of bias in the underlying proceedings that amounted to a violation of due process, notwithstanding the Secretary's subsequent *de novo* review of the decision. On further appeal, the Pennsylvania Supreme Court reversed the Commonwealth Court's ruling and held that the requirements of due process had been satisfied by virtue of the *de novo* review procedures set forth in the Public School Code. In arriving at its decision, the Supreme Court recognized that the concept of procedural due process encompasses, among other things, "the chance to defend oneself before a fair and impartial tribunal having jurisdiction of the case." 767 A.2d at 1056 (quoting *Lyness,* 605A.2d at 1207). The Court further acknowledged that "an inherent potential for bias on the part of school boards exists because of the dual functions they serve in acting as both prosecutor and as judge in proceedings involving professional employees." *Id.* Nevertheless, the Court found that

> the Secretary of Education's de novo review of the decision of a school board ensures that the requirements of due process are satisfied. The determination to be reviewed on appeal to the Commonwealth Court is that of the impartial factfinder, the Secretary of Education, rather than that of the school board. The professional employee is provided with notice, opportunity to be heard, and the chance to defend himself or herself before a fair and impartial tribunal through the procedure implemented under the Public School Code. This procedure is distinguishable from that analyzed in *Lyness,* in which the scope of appellate review from a decision of the State Board of Medicine was limited. *See, Lincoln Philadelphia Realty Associates I v. The Board of Revision of Taxes of the City and County of*

4

> *Philadelphia,* 563 Pa. 189, 758 A.2d 1178 (2000)(" . . . this court has recognized that de novo review serves an ameliorative function where the initial decision maker is not an independent body."); *Covert v. Bensalem Township School District,* 104 Pa. Cmwlth. 441, 552 A.2d 129 (1978).[ ]

*Id.* at 1056-57 (footnote omitted).

Defendants in this case extrapolate two propositions from *Katruska, to wit:* "a court's evaluation of a due process issue requires that it review the entire process that is available to the plaintiff"; and 'if that process provides the plaintiff with a right to de novo review of a decision by a disinterested decision-maker, then that process satisfies the requirements of the Pennsylvania Constitution, even if the initial decision was rendered by an individual or entity that was also involved in the investigation or prosecution of the matter." ECF No. 37 at 5-6. The Court agrees that this is a reasonable interpretation of *Katruska.*

That said, the Court makes the following observations regarding Plaintiff's termination proceedings. First, the Bradford City Policy Department, by local ordinance, falls under the direction of Defendant Lucco, as Chief of Police. *See* Code of the City of Bradford, §3-4(B).[4] Second, subject to the provisions of the Third Class City Code pertaining to civil service,[5] Lucco (as "director" of the police department) was empowered, "with the approval of the City Council or its authorized representative," to "remove subordinate officers" like Plaintiff. *Id.* §3-5(C). Third, under the provisions of the civil service statute, Plaintiff – as an "employee aggrieved by . . . discharge" -- had the right to request a hearing before the civil service board and have

---

[4] The Code of the City of Bradford is available at https://ecode360.com/BR1254. The Court takes judicial notice of these provisions, as they constitute matters of public record. *See Kovarik v. S. Annville Twp.*, No. 1:17-CV-00097, 2018 WL 1428293, at *13 n. 21 (M.D. Pa. Mar. 22, 2018) (taking judicial notice of municipal ordinances when considering dismissal of an action for failure to state a claim).

[5] These provisions were formerly set forth in Article XLIV of the Third Class City Code, codified at 53 P.S. §39401 et seq.; they are now set forth in Chapter 144 of the Third Class City Code, codified at 11 Pa. Cons. Stat. Ann. §14401, *et seq.*

5

representation of counsel at said hearing. *See* 11 Pa. C.S.A. §14408(a)(2). Alternatively, Plaintiff, being a member of a bargaining unit, had the option of challenging his termination "by a proceeding in grievance arbitration." *Id.* §14408(b). Thus, Plaintiff could choose to appeal his discharge to the civil service board, or grieve his discharge in arbitration, but he could not to both. *Id.* According to Plaintiff's own averments, he chose arbitration and successfully grieved his termination decision with the result that the arbitrator awarded reinstatement without backpay. See ECF No. 40-1, ¶¶94-95. Plaintiff implicitly concedes in his proposed amended pleading that the arbitrator acted as a neutral decision-maker. *Id.* ¶¶93-95.

Applying the principles of *Katruska* to the case at bar, the Court concludes that the procedures available to Plaintiff provided due process of law. Like the aggrieved employee in *Katruska,* Plaintiff obtained a review of his adverse employment decision by a fair and impartial arbiter having jurisdiction over the matter. And even if Plaintiff had not successfully arbitrated his claim, the availability of *de novo* review of his termination by the civil service board ensured that the requirements of due process were met.

Plaintiff, however, disputes the relevance of *Katruska* on two grounds. First, he contends that *Katruska*'s holding applies only to cases wherein the employee actually *received* the benefit of *de novo* review by exercising his right to obtain it. According to Plaintiff, the mere *existence* of a right to *de novo* review does not, by itself, cure a procedural due process violation.

This argument is unpersuasive. For starters, Plaintiff's interpretation runs counter to the portions of *Katruska* cited by him, which strongly suggest that the mere *potential* for independent review can cure an otherwise deficient process. *See* 767 A.2d at 1055 ("The provision for a hearing *de novo* before the Common Pleas Court provided an aggrieved professional employee with an *opportunity* to have the facts of his case heard again in an

6

independent forum.") (quoting *Belasco v. Bd. of Pub. Educ. of Sch. Dist. of Pittsburgh*, 510 A.2d 337, 340 (Pa. 1986)) (emphasis supplied); *see also id.* ("*By providing . . . for a de novo hearing by request* in the court of common pleas as part of the appeal from the decision of the Superintendent, the legislature has given the employee *the opportunity* for a hearing in a forum free of any bias. Thus, *if the employee-appellant desires,* he can have his case retried in a forum in which the School Board plays only the role of prosecutor and not that of judge also.") (quoting *Appeal of Spano,* 267 A.2d 848 (Pa. 1970) (emphasis supplied).

Moreover, if Plaintiff's position is taken to its logical conclusion, it would allow an aggrieved employee to be the architect of his own constitutional injury by intentionally eschewing a constitutionally adequate avenue for potential redress. The United States Court of Appeals for the Third Circuit, applying analogous due process principles under the Fourteenth Amendment, has long recognized that:

> In order to state a claim for failure to provide due process, a plaintiff must have taken advantage of the processes that are available to him or her, unless those processes are unavailable or patently inadequate. "[A] state cannot be held to have violated due process requirements when it has made procedural protection available and the plaintiff has simply refused to avail himself of them." . . . A due process violation "is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process." . . . If there is a process on the books that appears to provide due process, the plaintiff cannot skip that process and use the federal courts as a means to get back what he wants. . . . .

*Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000) (citations omitted) (alteration in the original).[6]

---

[6] Pennsylvania courts have recognized that "[t]he due process requirements of the Pennsylvania Constitution are indistinguishable from the Fourteenth Amendment and, therefore, the same analysis applies to both provisions." *Turk v. Com., Dep't of Transp.*, 983 A.2d 805, 818 (Pa. Cmwlth. Ct. 2009) (citing *Pa. Game Comm'n v. Marich*, 666 A.2d 253 (Pa. 1995)); *see also Anderson v. City of Phila.*, 845 F. 2d 1216, 1219 n.2 (3d Cir. 1988) (noting that due process claims under the state constitution "may be considered equivalent to the federal constitutional claims in this case, since the relevant section of the Pennsylvania Constitution, Art. I § 1, has been interpreted by the Pennsylvania Supreme Court as providing the same guarantees as the fourteenth amendment of the United States Constitution.") (citing *Best v. Zoning Bd. of Adjustment of City of Pittsburgh*, 141 A.2d 606, 609 (Pa. 1958)). Accordingly, in analyzing the

Common sense dictates that, in similar fashion, an aggrieved employee should not be able to willfully bypass procedures that would satisfy the due process mandates of the state constitution, and then claim that his rights were violated.

Plaintiff's second argument for distinguishing *Katruska* is that he, unlike the plaintiff in *Katruska,* is not challenging the constitutionality of the review process itself but, rather, the Defendant's failure to properly implement that process. Specifically, Plaintiff contends that Lucco violated Section 3-5(C) of the Code of the City of Bradford by failing to act "with the approval of the City Council or its authorized representative." Thus, Plaintiff appears to be making an "as applied" due process challenge to his termination.

In this Court's view, Plaintiff's argument presents a distinction without a material difference. In point of fact, the aggrieved employee in *Katruska* – like Plaintiff – also challenged the manner in which the review process was applied: *i.e.,* he argued that the proceedings were biased because of the participation of a particular school board member. The Pennsylvania Supreme Court framed the issue more broadly by recognizing "an inherent potential for bias on the part of school boards . . . because of the dual functions they serve in acting as both prosecutor and as judge in proceedings involving professional employees." 767 A.2d at 1056. Regardless, however, the Court determined that "the Secretary of Education's de novo review of the decision of a school board ensures that the requirements of due process are satisfied." *Id*. Similarly, in this case, the initial termination decision was arguably tainted by Lucco's alleged failure to involve City Council or its "authorized representative." In both this case and *Katruska*, however, independent de novo review by an unrelated third party was available – a fact that was central to the *Katruska* Court's holding that no due process violation had occurred.

---

proposed amendment, this Court is guided by cases that interpret and apply federal due process jurisprudence.

In sum, the Court finds that Plaintiff's inclusion of an additional cause of action predicated upon the alleged violation of his state due process rights would be futile. For the reasons set forth herein, such a claim would not be capable of withstanding a Rule 12(b)(6) challenge. Accordingly,

IT IS ORDERED, this 9th day of August, 2019, that Plaintiff's Motion to Amend Complaint [31] is DENIED. IT IS FURTHER ORDERED that Plaintiff's [Second] Motion to Amend Complaint [40] is GRANTED. Plaintiff is directed to file his amended pleading, captioned as a "Second Amended Complaint," on or before August 19, 2019. Defendants' response to the Second Amended Complaint shall be filed on or before September 6, 2019.

IT IS FURTHER ORDERED that the Court shall hold a telephonic status conference on September 24, 2019 at 1:30 pm before the undersigned.

/s/ Susan Paradise Baxter

SUSAN PARADISE BAXTER
United States District Judge